**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Allan Robert G., | Case No. 2:22-cv-00300-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 29] |
| Frank Bisignano, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's counsel Marc Kalagian's[1] renewed motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  Docket No. 29.  Plaintiff did not file a response.  Although he had filed a response to the earlier motion for fees, Docket No. 25, the Commissioner did not file a response to the renewed motion.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the motion for fees.

**I.      BACKGROUND**

On February 17, 2022, Plaintiff filed this case seeking review of the Commissioner's denial of benefits on remand.  Docket No. 1.  Before Plaintiff filed an opening brief, the Commissioner agreed to another remand and the stipulation for that relief was granted.  *See* Docket No. 14.  Attorney Kalagian was awarded $1,265.84 in fees pursuant to the EAJA.  *See* Docket No. 23.  On remand, the ALJ issued a favorable decision, Docket No. 29-2, and Plaintiff was awarded past benefits in the amount of $94,096, Docket No. 22-3.  Now before the Court is Attorney Kalagian's motion seeking an award of attorney's fees in the amount of $11,524.  Docket No. 29.

---

[1] The attorney who filed this motion is Marc Kalagian, but it is attorneys Cyrus Safa and Larence Rohlfing who primarily worked on this case.  *See* Docket No. 29-4.  For ease of reference, the Court will generally refer herein to Attorney Kalagian unless further specificity is required.

## II.    STANDARDS

"When a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  46 U.S.C. § 406(b)(1)(A).

In assessing a fee request made pursuant to § 406(b), courts must first determine whether a fee agreement has been executed between the plaintiff and her attorney.  *See, e.g., Garcia v. Astrue*, 500 F.Supp.2d 1239, 1242 (C.D. Cal. 2007).  Courts must respect "the primacy of lawful attorney-client fee agreements" in awarding fees.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).  Nonetheless, courts have an "affirmative duty" to ensure that the fees provided are "reasonable."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).[2]  Courts must be mindful that the question is whether the amount under the agreement should be reduced, not whether the lodestar should be enhanced.  *Id.*  "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case."  *Id.* at 1148 (internal quotation and citation omitted).  Judicial review of the amount of fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.

In light of their independent duty, courts reduce § 406(b) attorney's fees when they would result in a windfall.  *Dina S. v. Bisignano*, ___ F. Supp. 3d ____, 2026 WL 673508, at *2 (D. Nev. Mar. 9, 2026) (collecting cases).[3]  Judges at the district court level "are accustomed to making

---

[2] Fees awarded pursuant to § 406(b) are borne by the disabled claimant, not by the Commissioner.  *Crawford*, 586 F.3d at 1147.  Courts have this duty to ensure reasonableness because the Commissioner has no direct stake in the amount of the award that goes to counsel or to the disabled claimant.  *Id.* at 1149.  Given that the claimant has been adjudged disabled and must resort to the social safety net, courts look carefully at § 406(b) fee requests to ensure reasonableness.  *See Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011).

[3] On the other side of the coin, the undersigned also routinely grants § 406(b) fee requests that seek a reasonable recovery.  *See id.* at *3 n.6 (collecting cases); *see also, e.g.*, *Cheng v. Bisignano*, 2026 WL 675440, at *1 (D. Nev. Mar. 9, 2026).

reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808. "The attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148.

**III.    ANALYSIS**

The Court begins its analysis with the fee agreement. The law firm affiliated with Attorney Kalagian is representing Plaintiff based on a contingency fee agreement executed on February 12, 2021. Docket No. 29-1. By the terms of that agreement, Plaintiff agreed to a fee award of 25% of past due benefits awarded for work performed in court. *Id.* In seeking an award of attorney's fees in the amount of $11,524, Attorney Kalagian seeks fees less than the 25% amount established in the contingency agreement. *See* Docket No. 29 at 6 ("Kalagian seeks a fee of 12.8% of the past due benefits of $94,096").

Having recognized the contingency agreement in this case, the Court turns to whether the fee amount should be reduced. *See Crawford*, 586 F.3d at 1149. The Court finds at the outset that there is no evidence of substandard representation and that good results were obtained for Plaintiff. The Court also finds no evidence of dilatory conduct by counsel. The question turns to whether the benefits are large in comparison to the amount of time counsel spent on the case rendering them unreasonable. The pending motion is seeking fees of $11,524 based on the expenditure of 6.35 hours in this case. *See, e.g.*, Docket No. 29 at 3, 14. Hence, Attorney Kalagian is seeking to recover fees at an effective hourly rate of $1,814.80.

The award sought is not reasonable, amounts to a windfall, and should be reduced. In reaching that conclusion, the Court considers "the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1153. Attorney Kalagian has not argued that this case involved complex issues or

significant risk.[4] The lack of any briefing on the merits in this case renders it impossible to ascertain with specificity the issues involved, *cf. Drake v. Comm'r of Soc. Sec. Admin.*, 2026 WL 352898, at *2 (D. Ariz. Feb. 9, 2026), but the lack of complexity and the low risk in taking Plaintiff's cases is evidenced by the Commissioner's concession of error and stipulation to remand. *See* Docket No. 13. "If the Commissioner conceded error at all, one could infer it must not have been a particularly difficult case in the first place and that an experienced Social Security attorney could recognize that it was a less risky case before accepting representation." *Dina S.*, 2026 WL 673508, at *2 (quoting *Lane v. Saul*, 831 Fed. Appx. 845, 847 (9th Cir. 2020)); *see also, e.g.*, *Robles v. Berryhill*, 2019 WL 1581411, at *3 (C.D. Cal. Jan. 16, 2019), *aff'd*, 831 Fed. Appx. 272 (9th Cir. 2020). In short, Attorney Kalagian does not show that this case was complex or risky.

The fees being sought are also large in comparison to the amount of time counsel reasonably spent on the case.[5] Attorney Kalagian is seeking to recover $11,524 based on an identified 6.35 hours of attorney and paralegal time. *See* Docket No. 29 at 3, 14. While the motion repeatedly touts the efficiency of counsel, *see, e.g.*, *id.* at 12, the record reflects the opposite. It appears that Attorney Safa was spending time reviewing materials of the more senior Attorney Rohlfing because the latter is not barred in this state and did not apply to appear *pro hac vice*. *See* Docket No. 29-4. Similarly, the billing records evidence instances of clerical work by the

---

[4] Attorney Kalagian discusses risk in taking social security cases on contingency in generalized terms, *see, e.g.*, Docket No. 29 at 10-11, but the Ninth Circuit directs courts to consider the "risk involved in the *specific case at issue*," *Crawford*, 586 F.3d at 1153 (emphasis added); *accord, e.g.*, *Mansfield v. Comm'r of Soc. Sec. Admin.*, 509 Fed. Appx. 643 (9th Cir. 2013) ("courts should assess the complexity and risk involved in the specific case at issue, rather than social security cases in general, when analyzing the reasonableness of the requested fees").

[5] The Court is mindful that Attorney Kalagian has reduced the fees sought significantly below the 25% maximum amount. *See* Docket No. 29 at 5; *see also Crawford*, 586 F.3d at 1151-52 (in finding attorneys met their burden of demonstrating reasonableness, emphasizing that "counsel voluntarily reduced those fees substantially from the allowable 25%"). Given the circumstances of this case, however, the amount remains unreasonable notwithstanding that voluntary reduction.

Attorney Kalagian also references that he has exercised billing discretion to limit the aggregate of all fees (including for work performed before the agency) to 25% of past due benefits. Docket No. 29 at 6. Such representation addresses issues that are not before the Court and does not render reasonable the excessive fees currently being requested from the Court. *See, e.g.*, *Howell v. Comm'r of Soc. Sec.*, 2024 WL 689539, at *3 (E.D. Cal. Feb. 20, 2024).

paralegals. *See id.* (billing entries for "receipt" and "process[ing]" of an order or other document).[6] The inflated nature of the hours claimed militates against a finding of reasonableness of the fees being sought. *See Macias v. Saul*, 2021 WL 9526882, at *1 (C.D. Cal. July 13, 2021) (finding § 406(b) fee request unreasonable based, in part, on excessive lawyer time identified); *see also, e.g.*, *Solomon v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4355635, at *2-3 (D. Ariz. Sept. 24, 2021) (same as to clerical tasks). Hence, when accounting for only the compensable hours of work, the effective hourly rate is even higher than the already-high figure identified in the moving papers.

Lastly, the effective hourly rate in this case is out of step with the great weight of authority in this District[7] in general, even including cases in which there was disputed motion practice on the merits. *See Dina S.*, 2026 WL 673508, at *2 (collecting cases that the high end of the reasonableness spectrum for effective hourly rates in disputed cases has been noted at between $1,066 and $1,400); *see also, e.g.*, *Biggerstaff v. Saul*, 840 Fed. Appx. 69, 70 (9th Cir. Dec. 11, 2020) (affirming district court's reliance on fees awarded in other cases as an aid in assessing reasonableness). The fee request is even farther afield of most cases involving a stipulated remand without substantive briefing. *See id.* at 5 (in case involving stipulated remand without substantive briefing, awarding fees with an effective hourly rate of $1,200); *see also, e.g.*, *Kocan v. Colvin*, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016) (awarding fees with an effective hourly rate of $727), *adopted*, 2016 WL 884886 (D. Nev. Mar. 7, 2016); *Splond v. Colvin*, 2015 WL 3864612,

---

[6] The Court cannot evaluate two of the paralegal entries because they lack a verb. *See id.* (entry for May 4 for "Remand Judgment letter to client pack" and entry for May 10 for "AC Post Judgment letter (appeals counsel to remand)").

[7] The Court is not persuaded by the motion's reliance on out-of-state fee awards, out-of-state statistics, and out-of-state matrices. *See, e.g.*, *Dina S.*, 2026 WL 673508, at *4 & n.8.

at *2 (D. Nev. June 19, 2015) (awarding fees with an effective hourly rate of $477).[8]  Hence, the great weight of authority from this District suggests that the requested fee here is not reasonable.

For the reasons discussed above, Attorney Kalagian has not met his burden of establishing that the fee sought in this case is reasonable.  Given the non-complex issues, the low risk to counsel, and the extremely limited time appropriately invested in this case, the $11,524 in fees sought are not reasonable.  In balancing the risk assumed by counsel and the primacy of the contingency agreement with the duty to prevent windfalls, the circumstances of this case render it reasonable and fair to provide counsel fees of $7,000 pursuant to § 406(b).  This amount of fees does not result in a windfall, while still preserving the benefit of the contingency fee agreement and accounting for the risk of non-payment in representing Plaintiff in this Court.

**IV.    CONCLUSION**

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Attorney Kalagian's motion for §406(b) fees.  A fee award in the amount of $7,000 is to be paid to the Law Offices of Lawrence D. Rohlfing, Inc.  The Rohlfing firm must refund the EAJA fees of $1,265.84.

IT IS SO ORDERED

Dated: May 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[8] The Court notes a recent decision awarding fees with an effective hourly rate of $1,800. *Maria M. v. Kijakazi*, 2026 WL 266892, at *2 (D. Nev. Jan. 30, 2026).  That decision rests largely on out-of-district authority, *see id.* at 1, and is contrary to the weight of authority in this District. That decision also appears to rely erroneously on the fact that the Commissioner did not oppose the fee award. *See id.* at 2 (finding the fees sought to be reasonable based, in part, on the fact that "[t]he Commissioner also did not file an opposition to the counsel's [m]otion"); *but see Crawford*, 586 F.3d at 1149 (courts independently check the reasonableness of fees sought because the Commissioner has no stake in the matter).  The Court is not bound by the  decision and, respectfully, does not find it to be persuasive.